IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STACEY DANIEL                                                                    PLAINTIFF

V.                                    CASE NO. 4:21-CV-269-KGB

ABM INDUSTRIES INCORPORATED                                  DEFENDANT

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**

COMES NOW, Plaintiff Stacey Daniel ("Plaintiff") by and through her undersigned counsel, and for her Sur-Reply in Opposition to Defendant's Motion to Dismiss and Compel Arbitration states as follows:

**I. THE DEFENDANT'S FORGERY ASSERTIONS ARE MISLEADING AND SHOW THAT THE DEFENDANT CANNOT MEET ITS BURDEN OF PROVING AN ENFORCEABLE ARBITRATION AGREEMENT**

The Defendant in this matter is seeking to distract the Court from the Defendant's burden of proving that a valid and enforceable arbitration agreement was entered into between the parties in this litigation. The Defendant has brought a dispositive Motion to Dismiss and Compel Arbitration ("Motion") and the burden for this Motion is the Defendant's alone. Doc. 9. *See* ( *Shockley v. PrimeLending,* 929 F.3d 1012, 1017) ("The party seeking to compel arbitration carries the burden to prove a valid and enforceable agreement")). The Defendant's central argument in the Defendant's Reply Brief (Doc. 18) is that it is the Plaintiff's burden to show a forgery and that if such forgery cannot be shown, then the Defendant's Motion should be granted. However, the operative Motion to Dismiss and Compel Arbitration is not based on criminal forgery charges, but rather is based on general contract principles, specifically the element of mutual assent. Thus, the threshold question is whether the parties ever actually agreed

1

to arbitrate. The Defendant cannot skirt its burden of seeking to prove an enforceable arbitration Agreement and Acknowledgment by trying to unilaterally impose a heightened burden for forgery onto the Plaintiff, especially when there were other deficiencies in the formation of the arbitration Agreement and Acknowledgment which were drafted by the Defendant. These deficiencies are addressed in depth in the Plaintiff's Response to the Defendant's Motion to Dismiss and Compel Arbitration. Docs. 12-13.

Despite the Defendant's denials that any onboarding documents were forged, the Plaintiff has put forth ample evidence to the contrary. The Plaintiff has provided a foreseeable situation where, due to the problems with the onboarding portal, Charles Tudor had to get the Plaintiff's unique information so that the Plaintiff could be onboarded before the onboarding deadline ran. Despite Tudor's assurances that he did not ask for login credentials, both the Plaintiff (who subsequently held the same position as Tudor) and Jody Crutcher, who was Tudor's superior, stated that there were, at times, problems with the onboarding portal. The Plaintiff has demonstrated a situation during her onboarding (and potentially others) where unique and private onboarding info was shared and where documents were likely forged.

It should be noted that the Defendant, in its Reply did not address or dispute that Sterling representatives would frequently ask a new hire for the new hire's unique password when onboarding issues arose.[1] Further, Tudor was in charge of getting the ANO plant up and running for ABM and he was under tight deadlines at the time of the Plaintiff's hire. Again, these facts create a foreseeable scenario where Tudor plugged in unique information in order to complete the onboarding process for new hires. The Plaintiff has offered ample evidence that unique employee information was shared with onboarding managers whenever issues arose with

---

[1] *See* Daniel Aff. ¶¶ 27-30 attached as Ex. 3 to Plaintiff's Response to Defendant's Motion to Dismiss and Compel

2

onboarding in the Sterling portal.

It is clear that the Plaintiff has put forth substantial evidence of the problems that the Plaintiff went through during her onboarding with ABM. These problems clearly demonstrate material fact issues relating to the alleged signatures, which is enough to deny the Motion to Dismiss and Compel Arbitration. For instance, the Defendant by their own admission, states "[they] lack the resource to validate [electronic] signature[s]." [2] (Emphasis added). This unnerving fact, coupled with adamant denials of signing by the Plaintiff are enough to deny compelling the Plaintiff to arbitrate.

In addition, there are material disputes as to whether the parties ever agreed to arbitrate for the claims asserted in this lawsuit. For instance, the Plaintiff alleges problems accessing her onboarding portal and her boss, Jody Crutcher, in a sworn affidavit confirmed the Plaintiff's assertion that ABM had problems with the Sterling Onboarding Portal in the past. Curiously, in their Reply, the Defendant does not rebut any of the Plaintiff's assertions about faults in Sterling's onboarding portal or of the dissemination of unique logins and passwords over the phone when onboarding issues arose. Instead, the Defendant simply cast Crutcher off as irrelevant, stating "she has no firsthand knowledge of anything connected with Plaintiff's hiring and onboarding at the facility in Arkansas." [3] The position regarding Crutcher is not only untenable but is unfathomable considering that Crutcher had been with ABM for twenty years and was responsible for ABM plants in four states, including the ANO plant where the Plaintiff formerly worked. (Emphasis added). It is telling that the Defendant does not even attempt to rebut Crutcher's statements contained in Crutcher's affidavit. The Defendant's would rather have

---

[2] *See* Declaration of Joseph Selby in Support of Defendant's Motion to Dismiss and to Compel Arbitration Doc 10-1 ¶33
[3] *See* Defendant's Reply Brief in Support of Its Motion to Dismiss and Compel Arbitration Doc 18 p. 5

3

this Court discount anything Crutcher says just because Crutcher apparently has "her own beef against ABM."

Unlike *Holley*, the Plaintiff here has presented not only an affidavit denying that she signed the arbitration Agreement and Acknowledgement, but also an affidavit from a high-level manager who confirmed flaws in ABM's onboarding process.[4] This evidence, as well as the unrebutted evidence regarding problems with the Sterling onboarding portal create a disputed issue of material fact as to the validity and enforceability of the arbitration Agreement and Acknowledgement. This evidence offered by the Plaintiff is enough to create a material dispute, rendering the arbitration Agreement and Acknowledgment unenforceable as to the Plaintiff. Since motions to compel arbitration are reviewed under a standard akin to summary judgment, the inferences to be drawn from the underlying facts contained in the moving party's motion must be viewed in the light most favorable to the party opposing the motion. Therefore, ABM's Motion to Dismiss and Compel Arbitration must be denied.

WHEREFORE, premises considered, the Plaintiff respectfully requests that the Court grant the Plaintiff's Motion for Leave to File Sur-Reply and for all other relief that this Court finds just and proper.

Respectfully submitted,

Stacey Daniel, **PLAINTIFF**

*/s/ Christopher J. Hooks*
Christopher J. Hooks ABA 2020190
Benjamin H. Shipley III ABA 80130
Jon P. Robinson ABA 91047
Robertson, Beasley, Shipley
& Robinson, PLLC
315 N. 7th Street
Fort Smith, AR 72901

---

[4] In *Holley*, the only evidence offered to show that Mr. Holley's signature was forged is the affidavit of Mr. Holley. *Holley v. Bitesquad.com LLC*, 416 F. Supp. 3d 809, 819 (E.D. Ark. 2019).

4

479-782-8813
479-785-0254 (fax)
chooks@rbsr-attorneys.com
bshipley@rbsr-attorneys.com
jrobinson@rbsr-attorneys.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14 day of July 2021, a true and correct copy of the foregoing was filed via CM/ECF and/or a copy was sent First Class certified mailing return receipt requested and via electronic mailing to the following:

Eva C. Madison
Maggie Benson
Littler Mendelson, P.C.
217 E. Dickson Street, Suite 204
Fayetteville, Arkansas 72701
Telephone: 479-582-6100
emadison@littler.com
mbenson@littler.com

*Christopher J. Hooks*
Christopher J. Hooks

5